Filed 10/10/24  P. v. McGowen CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MYKOLAY JIMMY MCGOWEN,<br><br>    Defendant and Appellant. | A170252<br><br>(Alameda County Super. Ct. No. 610425B) |

Mykolay Jimmy McGowen appeals from his sentence of concurrently running terms of life with the possibility of parole for two premeditated and deliberate attempted murders and six years for assault with a firearm to run concurrently with the life sentence.  McGowen's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, summarizing the facts and procedural history, asking this court to independently review the record to identify any issues warranting review.  McGowen filed a supplemental letter raising the following issues:  1) the evidence was insufficient to convict him of attempted murder of Christian and Myzil Waters; 2) the trial court improperly admitted hearsay evidence; and 3) the kill zone instruction and the prosecutor's argument misstated the law.  As explained below, all the issues raised by McGowen's supplemental letter were addressed in his first appeal in *People v. McGowen*, case No. A152294.

1

McGowen also appeals the denial of his Penal Code section 1172.6 petition pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.[1] McGowen was advised that this court is not required to review the record of a denial of a section 1172.6 petition where counsel has found no arguable issues, unless a supplemental letter or brief addressing eligibility for resentencing has been submitted. McGowen's supplemental letter did not address his eligibility for section 1172.6 relief.

Finding no arguable issues on appeal, we affirm. Additionally, we decline to exercise our discretion to address the denial of McGowen's section 1172.6 petition.

## FACTUAL AND PROCEDURAL BACKGROUND

We take the facts from our prior opinion in this matter as follows: Christian and Myzil Waters were standing in front of their house in East Oakland when shots were fired in their direction. Christian suffered serious gunshot injuries to his right wrist while a bullet shattered Myzil's hip.[2] At the time of the shooting, Dan Tran was working at his auto mechanic's shop, located between the points from which the shots were fired and where Christian and Myzil were standing. Tran was shot as he stepped out of a car that was parked in the front lot of his shop.

Surveillance video from Tran's shop depicted the shooter and the SUV in which the shooter arrived at the scene. An Oakland Police Sergeant, who viewed the surveillance video, was able to locate the SUV. After police located the SUV, McGowen was arrested. McGowen's fingerprints were found on the passenger's side inside the SUV. In a search of McGowen's

---

[1] All subsequent statutory references are to the Penal Code.

[2] To avoid confusion, we use the victims' first names. No disrespect is intended.

residence, police located a " 'memorial shirt' " for Isiah Smith and ammunition that matched the brand of ammunition found at the crime scene. Another Oakland Police Sergeant testified at trial that he was familiar with two different groups of young men that congregated in different areas of East Oakland. The Sergeant testified that a dispute arose between these two groups, and McGowen believed the other group was responsible for killing Isiah Smith.

McGowen was found guilty of willful, deliberate, and premeditated attempted murder of Myzil and Christian Waters (§§ 187, subd. (a), 664, subd. (a)), attempted murder of Dan Tran (§§ 187, 664), assault with a semiautomatic firearm (§ 245, subd. (b)), and unlawful possession of a firearm by a prohibited person (§ 29805). The jury also found true allegations that McGowen inflicted great bodily injury (§§ 12022, 12022.7, subd. (a)) and personally discharged a firearm (§§ 12022.5, subd. (a), 12022.53, subds. (b)–(d), (g)) in committing the attempted murders and assault. McGowen was sentenced to 85 years and eight months to life. McGowen appealed his conviction. This Division reversed McGowen's conviction for the attempted murder of Tran, holding the kill zone theory was not supported by substantial evidence and that no other theory supported the conviction of attempted murder of Tran. The remaining convictions were affirmed. Further, this Division remanded the matter for the trial court to decide whether to exercise its discretion to strike the firearm enhancements imposed under sections 12022.53, subdivision (d), and 12022.5, subdivision (a).[3]

On February 23, 2021, McGowen was resentenced to 38 years and eight

---

[3] At the time of McGowen's original sentencing, imposition of firearm enhancements was mandatory, but subsequently the statutes were amended to afford the trial court discretion to strike the enhancements.

months to life with the possibility of parole. On August 3, 2022, McGowen filed a petition for resentencing under former section 1172.6. On August 23, 2023, CDCR requested recall of the sentence based upon two sentencing errors. The trial court filed an amended abstract of judgment, without the parties being present, which changed the sentence to 37 years and eight months to life with the possibility of parole. On October 2, 2023, defense counsel filed a motion for full resentencing. The trial court granted the motion. On March 5, 2024, the trial court imposed a sentence of life with the possibility of parole for the two premeditated and deliberate attempted murders and six years for the assault with a firearm; all sentences were to run concurrently.

## DISCUSSION

On March 5, 2024, the trial court sentenced McGowen. On April 4, 2024, the trial court denied McGowen's section 1172.6 petition, and McGowen appealed. McGowen has filed a timely appeal of his sentence after trial and remand of the matter by this Division. (See § 1237; see also California Rules of Court, rule 8.304.) McGowen's counsel filed a brief stating he can find no arguable issues. McGowen's supplemental letter only addresses issues raised and decided in his first appeal. McGowen does not contend the trial court erred in its imposition of sentence after the case was remanded. By striking all sentencing enhancements and imposing concurrent sentences, McGowen received the minimum prison sentence that could be imposed under the law. On these facts, we find no error in the judgment or the sentence.

As for McGowen's appeal from the denial of his section 1172.6 petition, our Supreme Court has provided the following framework for such appeals: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination,

4

including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*People v. Delgadillo, supra,* at pp. 231–232.) McGowen's supplemental letter does not address the denial of his section 1172.6 petition. Because McGowen does not raise any issues as to the denial of his 1172.6 petition, we exercise our discretion to dismiss the appeal as it relates to the 1172.6 petition.

## DISPOSITION

The judgment is affirmed. The appeal is dismissed as to the denial of McGowan's section 1172.6 petition.


DOUGLAS, J.[*]


We concur:

BROWN, P. J.
STREETER, J.

*People v. McGowen* (A170252)

---

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5